**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANISH KUMAR, | No. 12-74144 |
| Petitioner, | Agency No. A089-127-173 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Manish Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

988, 992 (9th Cir. 2008), and review de novo claims of due process violations, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011).  We deny the petition for review.

The BIA did not abuse its discretion in denying Kumar's motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Kumar failed to establish materially changed circumstances in India so as to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3); *see also Toufighi*, 538 F.3d at 996 (setting forth requirements for prevailing on a motion to reopen based on changed country conditions).  We reject Kumar's contention that the BIA failed to consider his evidence or arguments. Contrary to Kumar's contentions, the BIA did not otherwise abuse its discretion in denying his motion.  *See Toufighi*, 538 F.3d at 992 ("This Court defers to the Board's exercise of discretion unless it acted arbitrarily, irrationally or contrary to law.").

In light of our conclusions, Kumar's due process claim fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

12-74144